346 So.2d 617 (1977)
WALTER HARVEY CORPORATION, a Florida Corporation, Appellant,
v.
Raymond T. O'KEEFE et al., Appellees.
No. 76-357.
District Court of Appeal of Florida, Third District.
May 31, 1977.
Nard S. Helman, Miami, for appellant.
Greenberg, Traurig, Hoffman, Lipoff, Quentel & Wright and Alan S. Gold, Miami, for appellees.
Before HAVERFIELD, NATHAN and HUBBART, JJ.
PER CURIAM.
Appellant, Walter Harvey Corporation, seeks reversal of a final judgment of foreclosure and on guaranty in this action on a note and mortgage executed in favor of plaintiff Chase Manhattan Realty Trust.
On August 11, 1972 the appellant entered into a loan agreement with the Chase Manhattan Realty Trust (hereinafter referred to as the trust) whereby the trust agreed to loan appellant $2,250,000 for the construction of a high-rise office building. Pursuant to the agreement, appellant executed a note and mortgage in that amount in favor of the trust. In addition, Walter B. Harvey, Jr. and his wife executed joint and several guaranties of payment. Thereafter, appellant became in need of additional funds to complete construction; and the parties on August 16, 1974 entered into a modification agreement whereby the trust agreed to loan appellant an additional $450,000 and appellant executed a second note therefor. Subsequently, appellant notified the trust that this amount was not adequate to complete the building. On October 4, 1974 the trust instituted the present action to foreclose on the two notes secured by the mortgage against appellant and Mr. and Mrs. Walter Harvey alleging that appellant was in default in that the trust had disbursed a total of $2,602,780.65, of which nothing had been repaid. Appellant answered admitting the execution of the above instruments and in its affirmative defense and counterclaim alleged the trust had failed and refused to fund the completion of the construction of the office building as agreed. On December 5, 1975 the trial judge found appellant and Mr. and Mrs. Harvey to be in default and entered summary judgment on the foreclosure complaint and appellant's counterclaim in favor *618 of the trust. The judge reserved ruling on the total amount due the trust. On January 30, 1976 a final judgment of foreclosure and on the personal guaranty was entered determining the total amount due under the notes and mortgage was $3,616,765.88 and the trust holds a lien therefor superior to all other claims or encumbrances.
Appellant is contending that the trust is estopped to foreclose the mortgage because the trust had agreed to fund the project until its completion. We cannot agree.
The additional $450,000 was advanced by the trust on the consideration that the amount would be sufficient to complete the project. However, when appellant advised the trust of additional cost overruns which exceeded the $450,000 additional loan, the trust had the right to cease funding the project and exercise its rights under the notes and mortgage. Thus, we find no estoppel or waiver by the trust of its right to foreclose. Cf. Palatka Federal Savings & Loan Ass'n v. Raczkowski, 263 So.2d 842, 845 (Fla. 1st DCA 1972).
Further, we find no abuse of discretion by the trial judge in denying appellant's motions for rehearing and to stay foreclosure sale.
Affirmed.